United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20409
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTIAGO MARTINEZ-GALVAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-463-ALL
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Santiago Martinez-Galvan (Martinez) appeals the sentence
imposed following his guilty plea to being an alien in possession
of a firearm. He argues that the district court's reliance on
hearsay testimony for purposes of assessing a four-level increase
pursuant to U.S.S.G. § 2K2.1(b)(5) violated his Fifth and Sixth
Amendment rights to due process and to confront adverse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witnesses.  Martinez's claim is foreclosed by <u>United States v. Navarro</u>, 169 F.3d 228, 236 (5th Cir. 1999), which held that "there is no Confrontation Clause right at sentencing."

Martinez also argues that the U.S.S.G. § 2K2.1(b)(5) enhancement violated his Sixth Amendment rights pursuant to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  As Martinez failed to raise this claim in the district court, our review is for plain error.  See <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Martinez meets the first two prongs of the plain error test because the enhancement was based on facts found by the district court, which constitutes obvious error after <u>Booker</u>.  See <u>id.</u> at 521.  Nevertheless, Martinez's <u>Booker</u> claim fails at the third step of the plain error test because he has not shown that the error affected his substantial rights.  There is no indication in the record that the district court would have imposed a lower sentence under an advisory as opposed to a mandatory Sentencing Guideline regime.  See <u>id.</u> at 522.

AFFIRMED.